UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. PYE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S.C.C.D.O.C., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05768-VC   (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIMS; REQUESTING CLARIFICATION FROM PLAINTIFF; GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>Dkt. No. 3 |

George Pye filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against employees at the Santa Clara County Jail, where he was previously incarcerated. Pye is now incarcerated at San Quentin. Pye has filed a motion for leave to proceed *in forma pauperis*, which is granted. Dkt. No. 3. In a separate order, the Court will refer this case for appointment of pro bono counsel for Pye. The Court now addresses the claims asserted in Pye's complaint.

**DISCUSSION**

**I.　Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

But there is no respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by the supervisors that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**II. Pye's Allegations**

Pye alleges the following:

On October 6, 2014, Sheriff's Deputies Benson and Lubrin rushed into Pye's cell, slammed him against the table, cuffed him, then took him to an interview room and cuffed him to the seat. A little later, Benson, Lubrin and another deputy came into the room, took off the handcuffs, then slammed Pye's face into the wall and wrapped waist chains around him. Benson yanked Pye's arm with such force that it popped his left elbow. At the same time, Lubrin started to pull off Pye's pants. When Pye turned to look at Lubrin, Lubrin said, "What are you looking at Mother Fucker?" and repeatedly slammed Pye's head into the wall. When Pye came to, he was completely naked except for the waist chains. As a result of Benson and Lubrin's actions, Pye's left arm is permanently disabled.

1   Based upon these allegations, Pye asserts an excessive force claim against the Santa Clara
2   County Department of Corrections, Santa Clara County Sheriff Laurie Smith, Benson, Lubrin and
3   an unnamed deputy who was involved in the October 6, 2014 incident.
4   Liberally construed, the allegations appear to state a cognizable Eighth Amendment claim
5   for excessive force against Benson and Lubrin.  However, even liberally construed, the allegations
6   do not state a cognizable claim against the Santa Clara County Department of Corrections or
7   Sheriff Smith.
8   Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official
9   policy or custom causes a constitutional tort, *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690
10  (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts
11  of its employees under the theory of respondeat superior, *Board of Cty. Comm'rs. of Bryan Cty. v.*
12  *Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.  To impose municipal liability under
13  § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed
14  a constitutional right of which he or she was deprived; (2) that the municipality had a policy;
15  (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and
16  (4) that the policy is the moving force behind the constitutional violation.  *Plumeau v. School Dist.*
17  *#40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).
18  The allegations do not mention the Santa Clara County Department of Corrections;
19  therefore, they fail to allege that the Department of Corrections had a policy that amounted to
20  deliberate indifference to Pye's constitutional right to be free from excessive force and that the
21  policy was the moving force behind the constitutional violation.  Pye is granted leave to file an
22  amended complaint to remedy this deficiency, if he truthfully can do so.
23  As mentioned above, there is no vicarious liability under § 1983.  *See Lemire*, 726 F.3d at
24  1074.  Therefore, Sheriff Smith is not liable based upon her supervisory position.  The allegations
25  do not mention Sheriff Smith; therefore, they fail to allege that she was personally involved in the
26  alleged excessive force incident or that there is a causal connection between her alleged wrongful
27  conduct and the alleged excessive force incident.  *See Henry A.*, 678 F.3d at 1003-04.  Pye is
28  granted leave to amend to remedy this deficiency, if he truthfully can do so.

3

Pye states that he does not know the name of the other individual who might have been involved in the alleged excessive force incident. The use of Doe defendants is not favored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Accordingly, the claim against the unknown defendant is DISMISSED without prejudice. Should Pye learn the identity of this individual through discovery, he may move to file an amended complaint to add this individual as a named defendant.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The claim against a Doe defendant is dismissed without prejudice to filing an amended complaint to add this individual when and if Pye learns the identity through discovery.

2. The allegations, even liberally construed, do not state cognizable claims against the Santa Clara County Department of Corrections or Sheriff Smith. Pye may, but is not required to, file an amended complaint to remedy the deficiencies in these claims. In a separate order, this Court is referring Pye's case for appointment of pro bono counsel. The Court will set a deadline for filing an amended complaint at a case management conference once counsel is appointed.

3. Pye's allegations appear to state an Eighth Amendment excessive force claim against Benson and Lubrin.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto and a copy of this Order to Deputies Benson and Lubrin at the Santa Clara County Jail. The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this Order to the Santa Clara County Counsel, and a copy of this Order to Pye.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

4

behalf of Pye, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer or other responsive pleading before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

6. All communications by Pye with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

7. The motion for leave to proceed *in forma pauperis* is granted.  Dkt. No. 3.

**IT IS SO ORDERED**.

Dated:  February 8, 2016

_____
VINCE CHHABRIA
United States District Judge